## * Schoff *v.* Gould.

After the lapse of thirty years, a jury may presume that a warrant for a town-meeting, shown to have been properly posted, remained posted during the time required by law.

Under a statute requiring the first publication of notice of a tax sale, in a newspaper, to be eight weeks prior to the day of sale, the date of the paper is ordinarily to be regarded as the date of its publication.

Assumpsit, by Seneca A. Schoff against Henry Gould. The question was, whether the plaintiff, or one Simeon Eastman, owned lot No. 194 in the fourth division of Stratford. The plaintiff proved an entry and possession under a warranty deed. The defendant set up a tax-title in Eastman. Under Eastman's tax-title there was no entry upon the land until several years after the entry under the plaintiff's title; and the defence rested upon the validity of a collector's sale. The court ordered a verdict for the plaintiff; the defendant excepted, and a case was reserved.

*Ray* and *G. A. Bingham*, for the defendant.

*Fletcher & Heywood*, for the plaintiff.

By the Court. The first exception is to the proof of the posting of the warrant for the town-meeting, at which the money was voted, officers chosen, &c. It is objected that it is not proved that it remained posted. The meeting was held in March, 1841,—more than thirty years ago,—and officers were chosen who acted as such, and the jury might have presumed that the warrant remained posted the required time. *Bishop* v. *Cone*, 3 N. H. 513; *Northwood* v. *Barrington*, 9 N. H. 373; *Peterborough* v. *Lancaster*, 14 N. H. 392; and *School District* v. *Bragdon*, 23 N. H. 514. In *Cavis* v. *Robertson*, 9 N. H. 524, it was held that this rule did not apply where the facts were recent and the records might be amended; but would apply where, from lapse of time, it may be presumed that the officers who made the records are no longer living, or have no recollection of the facts. It does not appear that the officers who made the record are dead, but it is a fair presumption that they have lost recollection of the fact that the notice remained posted.

The next exception is to the notices of the collector's sale; that the advertisement in the county paper,—the *Coös County Democrat*,—was not published eight weeks prior to the date of sale, the law requiring it to be published in a county paper three weeks successively, commencing eight weeks prior to the day of sale. The first publication in

---

that paper was in the number dated September 21, 1841, and for a sale on November 15 of that year. If we assume that this is a case where the computation is to include September 21 as from an act done, there would still be wanting one day to make eight weeks; and the defendant offers evidence to show that the publication of that paper was in fact on September 20. His evidence tends to prove that this paper was actually printed and ready to be delivered on the afternoon of September 20, and was actually delivered to the subscribers in the village of Lancaster, where the paper was published, that afternoon or evening, and the rest were left in the post-office that night, directed to the other subscribers, and went out in the mail the next morning; that the whole edition was about four or five hundred,—from fifty to seventy-five for the village subscribers.

We think the true construction of the statute is, that the printed date of the newspaper is generally to be regarded as the date of publication, and that there was no evidence in this case competent to show that the paper was published the day before its date. However it might be in case of fraud or mistake in the printed date, or under other peculiar circumstances, we have no doubt but that the date of the paper was intended by the legislature to be the date of publication in ordinary cases of notice in a weekly paper published on a fixed and uniform day of the week, purporting and generally understood to be published on the day of its date, and actually issued so near that day as to justify the understanding that, for the practical purpose of giving legal notice, that is the day of publication. Obvious reasons of convenience and certainty, and the general understanding and practice prevailing in this State, which the makers of the statute cannot be presumed to have overlooked, show that such must have been the legislative design.

The publication of notice was insufficient, and the sale void.

*Judgment on the verdict.*